UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PABLO FIERRO,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Hon. Paul L. Maloney

Case No. 1:01-CV-615

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion for Relief from Judgment</u>. (Dkt. #28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted in part and denied in part**.

## BACKGROUND

On January 22, 1996, Plaintiff applied for disability benefits. Plaintiff was subsequently awarded benefits based on the Commissioner's conclusion that Plaintiff was disabled as of December 11, 1995. On March 23, 1998, however, the Commissioner determined that Plaintiff's condition had improved sufficiently for him to again perform substantial gainful employment. Accordingly, Plaintiff's benefits were terminated on May 1, 1998. Plaintiff chose not to appeal this determination, but instead submitted another application for disability benefits on June 1, 1999. Plaintiff's application was denied by the Commissioner after which Plaintiff initiated the present action seeking judicial review of this decision.

On January 2, 2003, the undersigned recommended that the Commissioner's decision

be reversed and this matter remanded for an award of benefits. (Dkt. #17). On February 18, 2003, the Honorable Richard Alan Enslen adopted this recommendation. (Dkt. #21). More than ten years later, Defendant returns to this Court seeking relief. Specifically, Defendant seeks an Order that the Court's "2003 ruling. . .does not preclude the agency from re-evaluating [Plaintiff's] entitlement to benefits in light of subsequently-obtained evidence that he performed substantial gainful activity and concealed it from the agency." In the alternative, Defendant requests relief from judgment pursuant to Federal Rule of Civil Procedure 60.

## ANALYSIS

Defendant seeks relief based on evidence obtained several years after this case was terminated. Specifically, Defendant has submitted a copy of a July 13, 2008 newspaper article indicating that an individual named Pablo Fierro owned and operated a successful restaurant in the Muskegon area. (Dkt. #29, Exhibit A). Defendant has also submitted a copy of a Report of Investigation concerning Plaintiff. (Dkt. #31). According to this Report, during a January 20, 2011 interview, Plaintiff admitted that during the time period relevant to this action he was working 16 hours daily at several different jobs. (Dkt. #31).

While it may be the case that Plaintiff is not entitled to disability benefits, the basis or necessity of Defendant's motion is, quite frankly, difficult to discern. Defendant asserts that "Congress has given the Commissioner a clear, non-discretionary command to redetermine the entitlement to benefits of any claimant who may have committed fraud or similar fault in obtaining benefits." (Dkt. #29 at 7). The Court wholeheartedly agrees. *See* 42 U.S.C. § 405(u)(1)(A) ("[t]he Commissioner of Social Security *shall* immediately redetermine the entitlement of individuals to

monthly insurance benefits. . .if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits") (emphasis added).

Defendant further argues that this Court's 2003 Opinion and Judgment "should not be read as precluding the Commissioner from carrying out the statutory requirements of 42 U.S.C. § 405(u)(1)(A) which have been committed to her charge." (Dkt. #29 at 7). Again, the Court wholeheartedly agrees. In this regard, the undersigned notes that there is nothing in the undersigned's Report and Recommendation or Judge Enslen's Opinion and Judgment suggesting that resolution of Plaintiff's appeal forever foreclosed the Commissioner from enforcing relevant federal law or the applicable Social Security rules and regulations. Moreover, Defendant has not identified any authority supporting any such interpretation.

Finally, Defendant argues that "[i]t defies logic that the small class of individuals who received a court award of benefits would enjoy a special exemption from the Commissioner's power to rectify fraud or similar fault." Once again, the Court wholeheartedly agrees and notes that Defendant has not identified (nor is the Court aware of) any authority supporting such a position. Accordingly, to the extent that Defendant seeks "clarification" that Judge Enslen's Opinion and Judgment "does not preclude the [Commissioner] from re-evaluating [Plaintiff's] entitlement to benefits," the undersigned recommends that Defendant's motion be granted.

Defendant requests, in the alternative, that the Court grant relief under Federal Rule of Civil Procedure 60, specifically Rule 60(b) or 60(d). The Court finds that such relief is not appropriate. Defendant's request for relief under Rule 60(b) is not timely. A motion for relief under Rule 60(b)(1)-(3) must be brought "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). A motion for relief under Rule 60(b)(4)-(5) must

be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The evidence Defendant has submitted indicates that the Commissioner realized no later than early 2011 that Plaintiff was receiving disability benefits to which he may not have been entitled. Defendant nevertheless waited more than two years to file the present motion. The Court finds such delay unreasonable.

The Court also finds that relief under Rule 60(d) is not appropriate. Rule 60(d)(1) permits the Court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). To obtain relief under this provision, Defendant must satisfy the following elements: (1) a judgment which ought not, in equity and good conscience, be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law. *See Bates v. Warren*, 2013 WL 5308259 at *1 (E.D. Mich., Sept. 20, 2013) (citation omitted). Even if Defendant could satisfy factors (1) through (4), Defendant cannot satisfy the final factor as the discussion above makes clear.

Relief under Rule 60(d)(3), which permits a court to "set aside a judgment for fraud on the court," is likewise not appropriate. To obtain relief under this provision, Defendant must establish the following conduct: (1) by an officer of the court; (2) directed to the "judicial machinery" itself; (3) which was intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) which was a positive averment or a concealment when under a duty to disclose; and (5) which deceived the court. *See Bush v. Rivard*, 2013 WL 4010246 at *2 (W.D. Mich., Aug. 5, 2013) (citation omitted). Defendant must establish these elements by clear and convincing evidence. *Id.* Even if the Court assumes that Plaintiff falsely reported his work status

to the Commissioner prior to the issuance of the ALJ's decision, something Defendant has not established, Plaintiff is not an officer of the court. Moreover, Plaintiff's alleged false statements were directed to the Social Security Administration not the "judicial machinery." While Plaintiff may very well have committed fraud on the Social Security Administration, Defendant has not established by clear and convincing evidence that Plaintiff committed fraud on this Court.

## CONCLUSION

For the reasons indicated herein, the undersigned recommends that <u>Defendant's Motion for Relief from Judgment</u>, (dkt. #28), be **granted in part and denied in part**. Specifically, to the extent that Defendant seeks "clarification" that Judge Enslen's Opinion and Judgment "does not preclude the [Commissioner] from re-evaluating [Plaintiff's] entitlement to benefits," the undersigned recommends that Defendant's motion be **granted**. To the extent that Defendant seeks relief under Federal Rule of Civil Procedure 60, the undersigned recommends that Defendant's motion be **denied**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: October 21, 2013                                     /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          United States Magistrate Judge